MELLOY, Circuit Judge,
concurring in part and dissenting in part.
I concur with those portions of the majority opinion which find that: (1) Wisconsin contract and insurance law governs this dispute; (2) the $169,095.86 portion of the settlement constitutes covered property damage under the commercial general liability (“CGL”) insurance contracts purchased by Amsoil from the appellees;[1] and (3) the $175,030 portion of the settlement allocated to recall and replacement of the synthetic oil is a non-covered loss.[2]
I respectfully dissent, however, from that portion of the decision which finds that Amsoil is not entitled to indemnification for the consequential damage portion of the settlement it paid to Allen because these damages constitute uninsured “economic losses and business risks.” I believe this portion of the decision is contrary to the Wisconsin Supreme Court’s interpretation and application of the economic loss doctrine. Under that doctrine, once we determine there was covered property damage, i.e. damage to property other than the insured’s own product, then any consequential damages that reasonably flow from the covered property damage are covered under the CGL insurance policies Amsoil purchased from the appel-lees.
The Wisconsin Supreme Court adopted the economic loss doctrine in Sunnyslope Grading, Inc. v. Miller, Bradford, & Ris-berg, Inc., 148 Wis.2d 910, 437 N.W.2d 213 (1989). In that case, the court stated “[w]e hold that a commercial purchaser of a product cannot recover solely economic *606 losses from the manufacturer.... ” Id. at 217-218 (emphasis added). Later decisions have interpreted Sunnyslope and the economic loss doctrine to exclude from coverage, under CGL insurance policies, claims where there exists no personal injury or damage to property other than the insured’s own product. See, e.g., Daanen & Janssen, Inc. v. Cedarapids, Inc., 216 Wis.2d 395, 573 N.W.2d 842 (Wi.1998); Wausau Tile, Inc. v. County Concrete Corp., 226 Wis.2d 235, 593 N.W.2d 445 (Wi.1999); Vogel v. Russo, 236 Wis.2d 504, 613 N.W.2d 177 (Wi.2000).
However, when economic losses are coupled with covered property damage the economic loss doctrine has not been used to prevent an insured from obtaining indemnification under a CGL poliey-both for the property damage and economic damages, i.e. consequential damages, caused by the damage to the covered property. This limitation on the economic loss rule has been clearly stated by the Wisconsin Supreme Court:
The economic loss doctrine, however, does not bar a commercial purchaser’s claims based on personal injury or damage to property other than the product, or economic loss claims that are alleged in combination with noneconomic losses. In short, economic loss is damage to a product itself or monetary loss caused by the defective product, which does not cause personal injury or damage to other property.
Daanen, 573 N.W.2d at 845 (emphasis added) (internal citations omitted); see also Wausau Tile, 593 N.W.2d at 451 (referring to Daanen).
In this case, we have unanimously determined that Amsoil has the right to indemnification for qualifying property damage, i.e. damage which is covered under the CGL insurance policies purchased by Am-soil. Therefore, I believe Amsoil is entitled to indemnification for at least a portion of the amount it paid to settle Allen’s claims for consequential damages.
I therefore respectfully dissent and would reverse the judgment of the district court on the issue of consequential damages.
A true copy.

. Therefore, I also agree with that portion, of the majority opinion which denies the cross-appeals made by the insurance companies.

. I do not believe that Amsoil requested indemnification for this portion of the settlement on appeal or in its motion for summary judgment in the district court.